Citation Nr: 1513850 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 11-01 552 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Educational Center of the
Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to an extension of the Veteran's delimiting date for receiving Chapter 30 educational assistance benefits under the Montgomery GI Bill (MGIB) beyond September 8, 2010.


ATTORNEY FOR THE BOARD

W.L. Puchnick, Counsel


INTRODUCTION

The Veteran, who is the appellant, had active service from September 1996 to September 2000. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 determination of the Department of Veterans Affairs (VA) Educational Center of the Regional Office (RO) in Buffalo, New York. This case was previously remanded by the Board in March 2014 for further development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

With regard to MGIB educational assistance benefits under the provisions of Chapter 30, Title 38, United States Code, this program provides assistance in the readjustment of members of the Armed Forces to civilian life after their separation from military service. 38 U.S.C.A. § 3001 (West 2014). The program is available to individuals who meet certain criteria of basic eligibility, including active duty during certain prescribed dates or meeting certain other criteria for basic eligibility for educational assistance. 38 U.S.C.A. §§ 3011, 3012 (West 2014); 38 C.F.R. §§ 21.7040, 21.7042 (2014). 

In this case, there is no dispute as to whether the Veteran satisfied the basic eligibility requirements for MGIB benefits. Rather, the outcome of this case is based upon the determination of his delimiting date for these benefits. 

The law generally provides that educational assistance or supplemental educational assistance will not be provided to a veteran beyond ten years from the later of (i) the date of his or her last discharge or release from a period of active duty of 90 days or more of continuous service; (ii) the date of his or her last discharge or release from a shorter period of active duty if the discharge or release is because of a service-connected disability, a medical condition which preexisted such service and which VA determines is not service connected, hardship, or was involuntary for the convenience of the Government after October 1, 1987, as the result of a reduction in force as determined by the Secretary of the military department concerned; or (iii) the date on which he or she meets the requirements for four years' service in the Selected Reserves found in 38 C.F.R. § 21.7042(b) and 38 C.F.R. § 21.7044(b). (West 2014). See 38 U.S.C.A. § 3031(a) (West 2014); 38 C.F.R. § 21.7050(a) (2014).

In this case, the Veteran's delimiting date of September 8, 2010, reflects the ten year period from his September 7, 2000, discharge from active duty. No other basis for establishing a later delimiting date pursuant to the criteria outlined in the preceding paragraph appears to be warranted based on the facts of this case. However, VA regulations allow for an extension of the ten-year delimiting period upon a showing that the claimant timely applied for the extension and was prevented from initiating or completing his or her chosen program of education within the otherwise applicable eligibility period because of a physical or mental disability that did not result from his or her willful misconduct. See 38 C.F.R. § 21.7051(a) (2014). The regulations further state that it must be clearly established by medical evidence that a program of education was medically infeasible and that VA will not consider a veteran who was disabled for a period of thirty days or less as having been prevented from initiating or completing a chosen program unless the evidence establishes that the veteran was prevented from enrolling or reenrolling in the chosen program or was forced to discontinue attendance because of the short disability. See 38 C.F.R. § 21.7051(a)(2) (2014). 

As noted, this case was remanded by the Board in March 2014 in order to, inter alia, obtain the names and addresses of all medical care providers who performed back surgery on the Veteran in the Summer of 2009 or 2010 (as indicated by his December 2010 VA Form 9 Substantive Appeal), as well as for the submission of lay statements from individuals who had knowledge and/or contemporaneous information of the nature and severity of the Veteran's back symptoms both prior and subsequent to his claimed surgery. If additional records were received showing that the Veteran had back surgery prior to the September 8, 2010, delimiting date, a VA examination to determine the effect the Veteran's back disability had on his ability to initiate and complete a program of education was requested, in addition to an opinion from the examiner as to whether the Veteran's disabilities, to include any back disability, prevented him from initiating or completing a program of education at any point from September 2000 to the present, and if so, the approximate dates of this preclusion.

Review of the evidence of record shows that lay statements were received from the Veteran's mother and from E.J.S. in July 2014. Additionally, following receipt of VA Forms 21-4142 in July 2014, medical records were received from St. Francis Orthopaedic Institute in July 2014. These show a charge for low back disk surgery on July 28, 2014. Additional records were received in July 2014 from chiropractor Heather Alday (who indicated that the Veteran's back problem prevented school or work from March 10, 2009, to November 8, 2010) and from the Veteran's surgeon, L. Erik Westerlund (who indicated that the Veteran's back disability prevented school or work from March 10, 2009, to November 8, 2010.) These records do not include treatment records, despite the submission of releases by the Veteran allowing such to be added to the record. Two release forms were dated and received in July 2014. Another release form was submitted in October 2014

Despite the submission of the aforementioned evidence and release forms, the RO subsequently issued a Supplemental Statement of the Case in November 2014 which denied the Veteran's request for Chapter 30 educational benefits due to his attaining the 10-year delimiting date. Within, the RO referenced a letter dated in July 2014 stating that the Veteran needed to submit new evidence, as well as a letter dated in September 2014 stating Chapter 30 eligibility was denied because the requested evidence had not been received. Neither letter is of record. 

In view of the foregoing, remand of this appeal is again warranted for additional development. 

Accordingly, the case is REMANDED for the following action:

1. Request treatment records from Alday Chiropractic and St. Francis Orthopaedic Institute from July 2009 (the time of the Veteran's back surgery) forward.

2. Scheduled the Veteran for a VA examination in order to determine the effect this back disability had on his ability to initiate and complete a program of education. The claims folder should be made available to the examiner for review before the examination. All necessary special studies or tests are to be accomplished. The examiner must elicit from the Veteran and record for clinical purposes a full medical, work, and educational history. 

Based on a review of the case and the claims file, the examiner must provide an opinion as to whether the Veteran's disabilities, to include any back disability, prevented him from initiating or completing a program of education at any point from September 2000 to the present, and if so, the approximate dates of this preclusion. 

A complete rationale for any opinion expressed must be provided. If any requested opinion cannot be made without resort to speculation, the examiner must state this and specifically explain why an opinion cannot be provided without resort to speculation. 

3. After completing any additional development deemed necessary, readjudicate the issue on appeal in light of any additional evidence added to the records assembled for appellate review. This decision should reflect consideration of whether the Veteran's contentions constitute a timely request for extension of the delimiting date in accord with 38 C.F.R. §§ 21.7051(a)(1) & (2) in addition to 20.1033(c) & (e) and, if so, whether the Veteran is entitled to an extension of the delimiting date for his Chapter 30 (MGIB) education benefits due to disability in accord with 38 C.F.R. § 21.7051(a). If the benefit sought on appeal remains denied, the Veteran and representative should be furnished an appropriate Supplemental Statement of the Case, afforded the opportunity to respond, and the case should thereafter be returned to the Board for appellate review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K.J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).